UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SERGEY KAZAKOV,

        Petitioner,

v.

IMMIGRATION AND CUSTOMS ENFORCEMENT FIELD OFFICE DIRECTOR,

        Respondent.

Case No. 2:24-cv-00774-RSL-TLF

REPORT AND RECOMMENDATION

Noted for: September 20, 2024

Petitioner is currently confined at the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He is unrepresented by counsel and brings this 28 U.S.C. § 2241 habeas action.

Respondent has filed their return and motion to dismiss, to which petitioner did not file a response. Dkt. 7. Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that the respondent's motion to dismiss should be GRANTED, petitioner's habeas corpus petition should be DENIED, and the Court should DISMISS the habeas corpus action without prejudice.

BACKGROUND

Petitioner is a native and citizen of Russia. Dkt. 8-2 at 2, Record of Deportable/Inadmissible Alien (October 24, 2023). In 2002 petitioner was admitted to the United States as a Legal Permanent Resident. *Id*. at 4. Between 2016 and 2022

REPORT AND RECOMMENDATION - 1

petitioner was convicted of multiple offenses in Washington State including Harassment Threat to Kill in violation of RCW 9A.46.020(2)(b), Attempt to Elude in violation of RCW 46.61.024, and violation of a protection order that involved protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued. Dkt. 8-4 at 2-5, Notice to Appear (October 24, 2023). He was sentenced to 22 months' imprisonment. Dkt. 12-1, Praecipe, Declaration of Jesse Neuhauser, Deportation Officer (June 27, 2024), at 2.

Upon release from his sentence, petitioner was released to ICE custody on October 24, 2023. Dkt. 8-3 at 2, Warrant for Arrest of Alien (October 22, 2023). On October 24, 2023 ICE issued a Notice to Appear, charging him as removable pursuant to sections 237(a)(2)(A)(iii), 237(a)(2)(A)(ii), and 237(a)(2)(E)(ii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1227(a)(2)(A)(ii), and 1227(a)(2)(e)(ii), because he had been convicted of an aggravated felony as defined in section 101(a)(43)(F) of the INA, he had been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, and he had been enjoined under a protection order and was determined to have engaged in conduct in violation of that order. Dkt. 8-4.

On March 14, 2024 an Immigration Judge ("IJ") ordered petitioner to be removed from the United States to Russia. Dkt. 8-1 at 2-4, Order of the Immigration Judge (March 14, 2024). Petitioner waived his right to appeal the IJ's decision, and thus his removal order became administratively final on March 14, 2024. *Id*. at 4. The government thereafter had 90-days to effectuate petitioner's removal. 8 U.S.C. § 1231(a)(1)(A).

ICE Deportation Officer Jesse Neuhauser filed a declaration attesting that the Office of Enforcement and Removal Operations ("ERO") has submitted petitioner's travel document request to the Embassy Liaison for Asia and Europe by email and forwarded the Embassy Liaison's request for a money order to the Removal Management Division Headquarters. Dkt. 12-1, Declaration of Jesse Neuhauser, at 2-3.

## DISCUSSION

The petitioner asserts that his detention is governed by 8 U.S.C. § 1226(a). Dkt. 5. The respondent disagrees, asserting that the governing statute is 8 U.S.C. § 1231. Dkt. 7.

8 U.S.C. § 1231(a) governs the detention of non-citizens in immigration proceedings. "Section 1231(a) governs the detention and release of non-citizens who have been ordered removed." *Banda v. McAleenan*, 385 F.Supp.3d 1099, 1112 (W.D. Wash 2019). During the "removal period," detention is mandatory. 8 U.S.C. § 1231(a)(2) (emphases added).

The "removal period" generally lasts 90 days, and it begins on the latest of the following: (1) the date the order of removal becomes final; (2) if the removal order is judicially reviewed and if a court orders a stay of the removal of the non-citizen, the date of the court's final order; or (3) if the non-citizen is detained or confined (except under an immigration process), the date the non-citizen is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B); *Banda*, 385 F.Supp.3d at 1112. After the removal period expires, DHS has discretionary authority to continue to either detain certain non-citizens or release them on supervision. 8 U.S.C. § 1231(a)(6); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008); *Banda*, 385 F.Supp.3d at 1112.

Although § 1231(a)(6) authorizes ICE to detain petitioner, it cannot do so indefinitely. In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held that § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal from the United States and does not permit "indefinite" detention. The Supreme Court also determined that it is "presumptively reasonable" for DHS to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual from the United States. *Id*. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. If the Government fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief. *Id*.

The six-month presumption "does not mean that every [noncitizen] not removed must be released after six months. To the contrary, [a noncitizen] may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. Nevertheless, courts must remember that "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*.

Here, the 90-day period has expired but the six-month presumptively reasonable period does not expire until September 14, 2024. Further, there is no evidence in the record indicating that "there is no significant likelihood of removal." *Zadvydas*, 533 U.S. at 701. Detention only becomes indefinite if, for example, the country designated in the

NOTED FOR: SEPTEMBER 20, 2024 - 4

removal order refuses to accept the noncitizen, or if removal is barred by the laws of this country. See *Diouf v. Mukasey* ("*Diouf I*"), 542 F.3d 1222, 1233 (9th Cir. 2008).

Petitioner argues that procurement of his travel document is problematic and there is no significant likelihood of removal in the reasonably foreseeable future due to the ongoing conflict between Russia and Ukraine. Dkt. 5 at 3. Yet, petitioner has submitted no evidence to indicate that ICE will not be able to remove petitioner, or that Russia refuses to accept petitioner. Respondent has submitted evidence that "the government of Russia has continued to process travel documents for their citizens." Dkt.12-1 at 3. Respondent states that the process sometimes requires six months or more. *Id.* Therefore, because respondent has shown it is likely that petitioner's removal will occur in the reasonably foreseeable future, and petitioner has not presented evidence to the contrary, petitioner is not entitled to habeas relief. *Zadvydas*, 533 U.S. at 701.

I.   Bond hearing

Although not specifically addressed by respondent, petitioner also requests a bond hearing. Dkt. 7 at 5. The Ninth Circuit has held that noncitizens subject to prolonged detention under § 1231(a)(6) are entitled to a bond hearing if removal is not imminent. *Diouf v. Napolitano*, 634 F.3d 1081, 1082 (9th Cir. 2011) ("*Diouf II*"); see also *Aleman Gonzalez v. Barr*, 955 F.3d 762, 765–66 (9th Cir. 2020) (reaffirming *Diouf II*'s holding).

In *Diouf II*, the Ninth Circuit held that "an individual facing prolonged immigration detention under 8 U.S.C. § 1231(a)(6) is entitled to release on bond unless the government establishes that he is a flight risk or a danger to the community." 634 F.3d

at 1082. The court emphasized that the "focus . . . is upon *prolonged* detention," as the term is used in *Zadvydas*. *Id*. at 1091 (emphasis in original).

Specifically, the court held that the government must provide a bond hearing "when detention crosses the six-month threshold and release or removal is *not imminent*." *Id*. at 1091–92 (emphasis added); s*ee also id.*, at 1092 n.13 ("As a general matter, detention is prolonged when it has lasted six months and is expected to continue more than minimally beyond six months.") Thus, under *Diouf II*, the petitioner would have a case for a bond hearing only after detention becomes prolonged and where release is not imminent.

Here, as discussed above, Petitioner's post-removal period detention is not prolonged; Petitioner's detention is still within the presumptively reasonable six-month period. *Zadvydas*, 533 U.S. at 701. Furthermore, there is no evidence that Petitioner's removal is not imminent; the respondent is in the process of obtaining a travel document, and there is no basis to expect that the document will not be issued. Dkt. 12-1 at 3. The evidence demonstrates that Petitioner's removal is likely to occur in the reasonably foreseeable future. Accordingly, the Court recommends that Petitioner's request for a bond hearing be denied.

## CONCLUSION

The Court recommends that the Government's motion to dismiss (Dkt. 7) be GRANTED, petitioner's habeas petition (Dkt. 5) be DENIED, and this action be DISMISSED without prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ.

NOTED FOR: SEPTEMBER 20, 2024 - 6

P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the above time limit, the Clerk shall set this matter for consideration on September 20, 2024, as noted in the caption.

Dated this 5th day of September, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge